**Donegal Mutual Insurance Company v. Wallace**

*Michael P. McKenna,* for plaintiff.
*Stuart D. Fiel,* for defendant.

SALUS, *J.,* September 8, 1986—This appeal arises from our grant of petitioner Donegal Mutual Insurance Company's request for a court-ordered medical examination of the respondent Albert M. Wallace pursuant to § 1796 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 701 et seq. The sole issue presented in the instant appeal is whether our order entered July 10, 1986 directing the respondent to submit to a physical examination was made upon a showing of good cause as required by said statute.

On July 26, 1985, respondent was involved in an automobile accident wherein he sustained certain bodily injuries. Subsequently respondent submitted to claims to his insurer, petitioner herein, for the payment of medical bills allegedly incurred from this accident.

Attached to the medical bills submitted to the petitioner were medical reports prepared by respondent's treating physicians. These reports revealed that the respondent sustained similar injuries requiring similar treatment from a work related injury occurring on July 7, 1983. The physicians who filed the medical reports in the instant claim were already treating respondent for similar injuries since July 7, 1983 and this treatment was continued through the date of the automobile accident on July 26, 1985 to present.

On May 22, 1986 Donegal Mutual Insurance Company filed a petition to compel a medical examination of respondent pursuant to § 1796 of the

Pennsylvania Motor Vehicle Financial Responsibility Law. Petitioner alleged that said examination was necessary in order to determine which injuries and medical treatment are directly related to the automobile accident occurring on July 7, 1983.

In light of the question raised regarding the causal relationship between the automobile accident and the submitted medical expenses this court found that petitioner had established the requisite good cause under § 1796 of the Pennsylvania Motor Vehicle Financial Responsibility Law. Accordingly we entered the order of July 10, 1986 directing respondent to submit to a physical examination pursuant to that section.

Section 1796(a) provides as follows:

"Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good *cause shown*. The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance."

Section 1796 vests broad discretion in the trial court to determine whether petitioner has met the "good cause shown" requirement. To prove good cause under § 1796 requires more than a showing that respondent's physical condition is the subject of the action as is required by Rule 4010 of the

Pennsylvania Rules of Civil Procedure, but rather petitioner must show "a claim of substantial need based on special circumstances." Government Employers Insurance Co. v. Schroeder, 7 D.&C.3d 786 (1978). Good cause shown under section 1796 is established by the existence of conflicting medical opinions on the claimant's disability, the substantial amount of money involved, and the lapse of time since the date of the accident. Flinchbaugh v. Nationwide Mut. Co. 30 D.&C.3d 58 (1983).

In the instant case petitioner clearly established the requisite showing of good cause, thereby supporting our order of July 10, 1986. A physical examination was necessary due to the conflicting reports from respondent's treating physician on which accident caused respondent's injuries, coupled with respondent's previous and continuing treatment for similar injuries sustained in the previous accident. As petitioner adequately set forth facts indicating the necessity of a physical examination, the order of July 10, 1986 compelling respondent to submit to a physical examination was properly entered.